IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHANIEL ROSS, on Behalf of Himself and all Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-849 |
| FABCO, LLC, | § § | |
| Defendant. | § § | FLSA COLLECTIVE ACTION |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Nathaniel Ross ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against FABCO, LLC ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1.  Plaintiff brings individual and collective action claims against Defendant pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA").

2.  Plaintiff was an hourly paid employee of Defendant at Defendant's location in Grand Prairie, Dallas County, Texas. Plaintiff was employed by Defendant from approximately October 2, 2018 to approximately January 18, 2021.

3.  In addition to receiving hourly pay, Defendant also paid Plaintiff incentive compensation bonus pay and car allowance remuneration for workweeks in which Plaintiff worked more than 40 hours. However, when calculating Plaintiff's FLSA regular rate of pay for those workweeks, Defendant did not include the incentive compensation bonus pay or the car allowance remuneration which resulted in an underpayment of the FLSA overtime wages Plaintiff was owed.

Instead, Defendant included only Plaintiff's hourly rate of pay in the FLSA regular rate of pay when calculating the overtime wages he was paid.

4. Defendant employed numerous other similarly situated employees who, like Plaintiff, were paid on an hourly basis in addition to receiving incentive compensation bonus pay and/or car allowance remuneration. Like Plaintiff, Defendant did not include the incentive compensation bonus pay and/or car allowance remuneration in the respective regular rates of pay of the putative collective action members. That resulted in an underpayment of the FLSA overtime wages owed to the putative collective action members.

5. Plaintiff and the collective action members seek all damages available under the FLSA including back overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES, JURISDICTION, AND VENUE

**A.     Plaintiff Nathaniel Ross**

6. Plaintiff is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

7. Plaintiff was an employee of Defendant.

8. Relative to his claims in this lawsuit, Plaintiff was employed by Defendant in Grand Prairie, Dallas County, Texas.

9. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.     FLSA Collective Action Members**

10. Plaintiff seeks to represent two classes/sub-classes in this FLSA collective action as follows:

    a. All current and/or former employees of Defendant who were paid on an hourly basis in addition to receiving incentive compensation bonus pay from Defendant that was not included by Defendant in calculating their respective FLSA regular rates of pay for corresponding workweeks in which they worked more than 40 hours.

    b. All current and/or former employees of Defendant who were paid on an hourly basis in addition to car allowance remuneration from Defendant that was not included by Defendant in calculating their respective FLSA regular rates of pay for corresponding workweeks in which they worked more than 40 hours.

11. The relevant time period for the claims of Plaintiff and the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

12. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion(s) for conditional certification filed in this lawsuit.

## C. **Defendant FABCO, LLC**

13. Defendant is a domestic for-profit limited liability company.

14. During all times relevant, Defendant has done business in the State of Texas.

15. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

16. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

18. At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include personal protection equipment, tools, motor vehicles, construction related vehicles (such as lifts), phones, computers, and computer-related devises.

19. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20. Defendant's principal place of business is located at 13835 Beaumont Highway, Houston, Texas 77049.

21. Defendant may be served with summons through its registered agent, Mr. Mark Paul, 13835 Beaumont Highway, Houston, Texas 77049.

**D.   Jurisdiction and Venue**

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

24. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

25. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

26. Venue is proper in this Court because Plaintiff worked for Defendant in Dallas County, Texas and the occurrences complained of in this lawsuit primarily occurred in Dallas County, Texas.

### III.     FACTUAL BACKGROUND

27.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

28.     Defendant's business operations include the fabrication, delivery, and/or installation of goods and/or materials used in connection with commercial construction operations. Such goods and/or materials include concrete related products and rebar.

29.     Plaintiff was employed by Defendant from approximately October 2, 2018 to approximately January 18, 2021.

30.     Plaintiff was employed at and/or based from Defendant's production facility location in Grand Prairie, Dallas County, Texas.

31.     Plaintiff primarily performed manual labor in connection with Defendant's business operations.

32.     At all times relevant, Plaintiff was paid on an hourly basis by Defendant. That base hourly rate ranged from approximately $21 to $24 during Plaintiff's employment with Defendant.

33.     In addition to his base hourly pay, Defendant, at times, paid Plaintiff incentive compensation bonus pay and car allowance remuneration.

34.     Defendant paid Plaintiff the incentive compensation bonus pay in at least one workweek in which Plaintiff worked more than 40 hours. However, Defendant did not include the incentive compensation bonus pay in calculating Plaintiff's regular rate of pay which resulted in an underpayment of the FLSA overtime wages Plaintiff was owed.

35.     That bonus pay was paid pursuant to an incentive compensation plan/policy that Defendant informed employees of prior to them performing the work which resulted in the bonus being paid.

36. During some workweeks in which Plaintiff worked more than 40 hours, Defendant also paid Plaintiff remuneration it labeled as a car allowance. Defendant did not include the car allowance remuneration in calculating Plaintiff's FLSA regular rate of pay which resulted in an underpayment of the FLSA overtime wages Defendant should have paid Plaintiff.

37. That car allowance remuneration was compensation for Plaintiff's use of his vehicle to drive from his home to work, including the Grand Prairie location, and then back to home in the same day (*i.e.* personal use of Plaintiff's vehicle during non-compensable time).

38. Defendant did not make an actual or reasonably approximate calculation of the amount of the expense, if any, Plaintiff incurred on Defendant's behalf and/or for the convenience of the Defendant relative to the car allowance remuneration.

39. Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer.

40. Defendant employed numerous other hourly paid employees who performed manual labor related work in connection with Defendant's business operations who are/were paid on an hourly basis like Plaintiff.

41. Like Plaintiff, some of those other employees received incentive compensation bonus pay that corresponded to workweeks in which they respectively worked more than 40 hours. Defendant did not include that incentive compensation bonus pay in calculating the respective regular rates of pay of those other employees which resulted in an underpayment of the overtime wages they were owed.

42. Like Plaintiff, some of those other employees received car allowance remuneration in workweeks in which they respectively worked more than 40 hours. Defendant did not include that car allowance remuneration in calculating the respective regular rates of pay of those other

employees which resulted in an underpayment of the overtime wages they were owed. Like Plaintiff, that car allowance remuneration was generally paid for driving from home to work and back home in the same workday (*i.e.* personal vehicle use during non-compensable time).

### IV. CONTROLLING LEGAL RULES

43. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

44. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

45. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

46. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

47. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; 29 C.F.R. § 778.208; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

48. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (Godbey, J.) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966) and *Johnson*, 604 F. Supp. 2d at 927).

49. "Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing in employment until the time the payment is to be made and the like are in this category. They must be included in the regular rate of pay." 29 C.F.R. § 778.211(c).

50. "If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as 'reimbursement for expenses.'" *Howe v. Hoffman-Curtis Partners Ltd. LLP*, CIVAH-03-4298, 2005 WL 6443877, at *2 (S.D. Tex. July 6, 2005) (citing 29 C.F.R. § 778.217(d)). *See also, Hanson v. Camin Cargo Control, Inc.*, CIV.A. H-13-0027, 2015 WL 1737394, at *4 (S.D. Tex. Apr. 16, 2015) ("[A car and mileage payment] that compensates an

employee for his regular commute is primarily for the employee's own benefit and constitutes wages.").

51. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

### V. FLSA CLAIMS

52. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

53. At all times relevant to this lawsuit, Defendant has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

54. At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

55. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

56. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

57. Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant.

58. In addition to hourly pay, Plaintiff and some of the putative collective action members received incentive compensation bonus pay that was earned in/covered by workweeks in which they worked more than 40 hours. Defendant failed to include that incentive compensation bonus pay in the respective regular rates of pay for Plaintiff and those putative collective action members which resulted in an underpayment of the FLSA overtime wages they were owed.

59. In addition to hourly pay, Plaintiff and some of the putative collective action members received car allowance remuneration that corresponded to workweeks in which they

worked more than 40 hours. Defendant failed to include that car allowance remuneration in the respective regular rates of pay for Plaintiff and those putative collective action members which resulted in an underpayment of the FLSA overtime wages they were owed.

60. At all times relevant to this lawsuit, Defendant was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

61. Defendant did not pay Plaintiff and the putative collective action members all FLSA mandated overtime wages because it did not include incentive compensation bonus pay and/or car allowance remuneration in their respective regular rates of pay for corresponding workweeks in which they worked more than 40 hours. The failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek in the time period relevant to this lawsuit is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

62. The putative collective action members are similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

63. Defendant's violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek because incentive compensation bonus pay and/or car allowance remuneration was not included in calculating the respective regular rates of pay of Plaintiff and the putative collective action members.

64. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     FLSA COLLECTIVE ACTION

65. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

66. Plaintiff seeks to represent two classes/sub-classes in this FLSA collective action as follows:

    a. All current and/or former employees of Defendant who were paid on an hourly basis in addition to receiving incentive compensation bonus pay from Defendant that was not included by Defendant in calculating their respective FLSA regular rates of pay for corresponding workweeks in which they worked more than 40 hours.

    b. All current and/or former employees of Defendant who were paid on an hourly basis in addition to car allowance remuneration from Defendant that was not included by Defendant in calculating their respective FLSA regular rates of pay for corresponding workweeks in which they worked more than 40 hours.

67. The relevant time period for the claims of Plaintiff and the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

68. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII. DAMAGES AND PRAYER

69. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

    a. An order certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

    b. All damages allowed by the FLSA, including back overtime wages,

    c. Liquidated damages in an amount equal to back FLSA mandated wages,

    d. Reasonable Legal fees,

    e. Costs,

    f. Post-judgment interest, and/or

    g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: April 13, 2021.

Respectfully submitted,

By:    s/ Allen R. Vaught
        Allen R. Vaught
        Attorney-In-Charge
        TX Bar No. 24004966
        Vaught Firm, LLC
        1910 Pacific Ave., Suite 9150
        Dallas, Texas 75201
        (972) 707-7816 – Telephone
        (972) 591-4564 – Facsimile
        avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF